## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TROY LASTIE**                                      **CIVIL ACTION**

**versus**                                              **NO. 08-189**

**JEFFERY TRAVIS**                               **SECTION: "I" (1)**

## REPORT AND RECOMMENDATION

Petitioner, Troy Lastie, a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana, filed the instant petition pursuant to 28 U.S.C. § 2241 challenging the manner in which his sentence is being executed.[1]  The matter was referred to the undersigned United States Magistrate Judge for a report and recommendation for disposition.[2]  For the following reasons, **IT IS RECOMMENDED** that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

On June 11, 1990, petitioner pleaded guilty to fifteen counts of armed robbery and was sentenced on each count to a term of fifty years imprisonment.  It was ordered that his sentences be served concurrently and without benefit of probation, parole, or suspension of sentence.[3]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 12.

[3]  State Rec., Vol. II of IX, transcript of June 11, 1990; State Rec., Vol. II of IX, guilty plea form. In 2004, petitioner filed a federal application pursuant to 28 U.S.C. § 2254 challenging his underlying convictions, arguing that he received ineffective assistance of counsel.  That petition was

On April 19, 2007, petitioner submitted an administrative grievance claiming that prison authorities had improperly calculated his release date. That grievance was denied at the first step on May 21, 2007, and at the second and final step on July 3, 2007. He then filed a petition for judicial review of that determination in the Louisiana Nineteenth Judicial District Court. After that petition was dismissed without prejudice on November 2, 2007, he proceeded directly to federal court by filing the instant § 2241 petition asserting the same claim.[4]

The state argues that petitioner's federal application should be dismissed because he has not exhausted his state court remedies.[5] On that point, the state is correct.[6]

The United States Fifth Circuit Court of Appeals has held that, although there is no statutory exhaustion requirement, jurisprudence clearly imposes such a requirement on persons

---

dismissed as untimely. Lastie v. Andrews, Civ. Action No. 04-676 "I"(6) (E.D. La. Nov. 5, 2004).

[4] Rec. Doc. 1. The records relating to petitioner's administrative grievance, the administrative appeal, and the judicial review proceedings are contained in Volume IX of the state court record.

[5] Rec. Doc. 11.

[6] The state also argues that the instant application should be construed as a § 2254 petition and dismissed as untimely. Although the state cites a number of authorities for the contention that petitioner's claim falls under § 2254, those authorities are from other jurisdictions and are not binding in this Circuit. Further, there is jurisprudence from this Circuit which appears to indicate that claims brought by state prisoners regarding the execution of their sentences may validly be asserted under § 2241. See, e.g., Haggerton v. Board of Pardons and Parole, No. 95-40419, 1996 WL 60616 (5th Cir. Jan. 31, 1996); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). In the absence of controlling authority on this issue clearly indicating that petitioner is not allowed to bring his claim pursuant to § 2241, the Court declines to recategorize petitioner's filing as a § 2254 petition. Because the Court will treat the application as a § 2241 petition, the AEDPA's one-year limitations period does not apply. Williams v. Louisiana's A.G.'s Office, Civ. Action No. 07-603, 2007 WL 2915078, at *3 (E.D. La. Oct. 4, 2007); Homayun v. Cravener, 39 F.Supp.2d 837, 841 (S.D. Tex. 1999).

bringing claims under § 2241.  Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also

Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-

30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).  In the instant case, petitioner presented his

current claim in the administrative proceedings and in the petition he filed in the state district court.

However, that is insufficient to constitute exhaustion.  The Fifth Circuit has held:

> [A] claim is not exhausted unless the habeas petitioner provides the
> *highest state court* with a "fair opportunity to pass upon the claim,"
> which in turn requires that the applicant "present his claims before
> the state courts in a procedurally proper manner according to the
> rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702

(5th Cir. 1988)) (emphasis added).  Because petitioner did not first present his current claim to the

state's highest court, the Louisiana Supreme Court,[7] and thereby give that court a "fair opportunity"

to pass upon those claims, the claim is unexhausted.  Accordingly, he is not yet entitled to proceed

to federal court pursuant to § 2241.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus*

relief filed by Troy Lastie be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state

court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation contained in a magistrate judge's report and recommendation within 10 days after

---

[7] On July 3, 2008, a staff member of this Court confirmed in a telephone call to the Clerk of the Louisiana Supreme Court that petitioner had filed no applications with that court regarding this claim or the judgment of the Louisiana Nineteenth Judicial District Court.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this third day of July, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**